IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DWIGHT TAYLOR** <br><br> Plaintiff <br><br> v. <br><br> **PHILADELPHIA POLICE OFFICER THOMAS LICIARDELLO** (Individually and in his Official Capacity); **PHILADELPHIA POLICE OFFICER PERRY BETTS** (Individually and in his Official Capacity); **PHILADELPHIA POLICE OFFICER LINWOOD NORMAN** (Individually and in his Official Capacity); **PHILADELPHIA POLICE OFFICER BRIAN REYNOLDS**; **PHILADELPHIA POLICE OFFICER MICHAEL SPICER** (Individually and in his Official Capacity); and **PHILADELPHIA POLICE OFFICER JOHN SPEISER** (Individually and in his Official Capacity) <br> 1515 Arch Street <br> Philadelphia, PA 19102 <br><br> **CITY OF PHILADELPHIA** <br> 1515 Arch Street <br> Philadelphia, PA 19102 <br><br> Defendants. | JURY TRIAL DEMANDED <br><br> CIVIL ACTION - LAW <br><br> 19    751 <br><br> FILED <br> FEB 21 2019 <br> KATE BARKMAN, Clerk <br> By:_____ Dep. Clerk |

## COMPLAINT

Plaintiff, Dwight Taylor, by and through his counsel, Clearfield & Kofsky, brings this suit to recover for federal constitutional violations, federal statutory violations, and state law claims, as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is asserted under the provisions of 28 U.S.C. §1331 and §1343. This action arises under the provisions of the Civil Rights Act of 1866, as amended 42 U.S.C. §1983. This Court has supplemental jurisdiction over the state

claims asserted herein pursuant to 28 U.S.C. Section 1367.

2. Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1391(b) in that the actions complained of took place in Philadelphia, which is within the bounds of the Eastern District, and Defendants carry on business within the Eastern District.

## PARTIES

3. Plaintiff Dwight Taylor, born on March 22, 1970 is a resident of 5213 "D" Street in the City of Philadelphia, Commonwealth of Pennsylvania.

4. Defendant Philadelphia Police Officer Thomas Liciardello was at all relevant times a police officer with the Police Department of the City of Philadelphia, Pennsylvania. Officer Liciardello is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

5. Defendant Philadelphia Police Officer Perry Betts was at all relevant times a police officer with the Police Department of the City of Philadelphia, Pennsylvania. Officer Betts is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

6. Defendant Philadelphia Police Officer Linwood Norman was at all relevant times a police officer with the Police Department of the City of Philadelphia, Pennsylvania. Officer Norman is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

7. Defendant Philadelphia Police Officer Brian Reynolds was at all relevant times a police officer with the Police Department of the City of Philadelphia, Pennsylvania. Officer Reynolds is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

8. Defendant Philadelphia Police Officer Michael Spicer was at all relevant times a police officer with the Police Department of the City of Philadelphia, Pennsylvania. Officer Spicer is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

9. Defendant Philadelphia Police Officer John Speiser was at all relevant times a police officer with the Police Department of the City of Philadelphia, Pennsylvania. Officer Speiser is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

10. The individual police officer defendants will be referred to collectively as "Officer Defendants."

11. Defendant, City of Philadelphia operates, manages, directs and controls the Police Department of the City of Philadelphia. The Police Department of the City of Philadelphia at all times material hereto, employed the Officer Defendants and their supervisors.

12. At all times relevant to this action, the City acted through its employee police officers as listed below.

13. Upon information and belief, the Officer Defendants were acting under color of state law, pursuant to official policy, custom or practice of the City of Philadelphia and/or the Philadelphia Police Department.

### FACTUAL ALLEGATIONS ON THE MERITS

14. On or about August 5, 2008, Plaintiff was arrested for the following crimes:

    a. 35 § 780-113 §§ A30 (Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled

       substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance).

   b. 18 § 6105 §§A1 (Unlawful possession of a firearm).

   c. 35 § 780-113 §§ A16 (Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act).

   d. 35 § 780-113 §§ A32 (The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act).

   e. 18 § 907 §§ A (Possession of an instrument of crime).

   f. 18 § 6105 §§ A2i (Person not to possess or use a firearm).

15. The arrest occurred at or near 7300 Rising Sun Avenue in Philadelphia, Pennsylvania, and was effectuated by the Officer Defendants.

16. The Officer Defendants placed Plaintiff under arrest, placed Plaintiff inside of a police vehicle and drove Plaintiff to his home.

17. While at Plaintiff's home, the Officer Defendants made Plaintiff wait three (3) hours

so that a search warrant could be obtained to search Plaintiff's house.

18. A search warrant was obtained and Plaintiff was arrested and charged with the aforementioned crimes.

19. The above search and arrest was done so in an illegal and/or unlawful manner and was done so in an effort to falsify the charges placed upon Plaintiff.

20. The Officer Defendants knew at the time of the search and arrest that it was illegal and/or unlawful to do so, and that the subsequent charges placed upon Plaintiff were false.

21. In fact, at no time did Plaintiff possess or attempt to sell any narcotics, nor were any narcotics located in Plaintiff's home.

22. In April, 2010, Plaintiff pled guilty to the above charges.

23. As a result of the above charges, Plaintiff was incarcerated for approximately three (3) years in State Correctional and/or other facilities.

24. On numerous occasions, Plaintiff filed for Post-Conviction Collateral Relief due to the above misconduct.

25. On or about July 30, 2014, the Officer Defendants were indicted by the United States of America and charged with robbery, falsification of records, RICO and related offenses.

26. On September 29, 2014, Plaintiff filed a Motion for New Trial based upon the above indictments.

27. On March 6, 2015, the Honorable Sheila Woods-Skipper of the Court of Common Pleas of Philadelphia County granted Plaintiff's Motion for a New Trial.

28. On March 10, 2017, the Honorable Sheila Woods-Skipper vacated Plaintiff's sentence,

and on the same day, the Commonwealth of Pennsylvania's Motion to *Nolle Prosequi* was granted.

29. Plaintiff did not commit the crimes to which he pled guilty. He was forced to plead guilty in order to prevent a lengthy jail sentence. As a result, Plaintiff suffered significant harm, including, but not limited to:

    a. Imprisonment;

    b. Loss of liberty and freedom;

    c. Embarrassment and humiliation;

    d. Loss of life's pleasures;

    e. Emotional distress;

    f. Deprivation of property;

    g. Interference with daily activities;

    h. Loss of earnings; and,

    i. Other financial losses.

30. At all relevant time, Defendants knew or should have known that their actions were in violation of Plaintiff's Constitutional Rights.

31. Defendants' actions, and their motivation for their actions, were conscience shocking, without conscious regard or due care for Plaintiff or the foreseeable consequences of their actions, and with such wanton and reckless disregard of the consequences as to show Defendants' deliberate indifference to the danger of harm and injury.

32. As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and continues to suffer deprivation of his rights, fear, horror, loss of liberty, grievous physical injuries, and the loss of the enjoyment of life, all to their great detriment and

loss.

33. As a direct and proximate cause of Defendants' actions and inactions, Plaintiff suffered and was made to undergo great physical pain and horrible mental anguish requiring medical and psychiatric treatment, as well as loss of earning power and earning potential, all to his great detriment, financial detriment, and personal loss.

34. Defendants violated Plaintiff's clearly established and well settled federal constitutional rights, including but not limited to his freedom to assemble, his right to substantive due process, liberty, personal security, his right to be free from unreasonable seizures, and his right to be free from the use of excessive, unreasonable and unjustified force.

35. Furthermore, the Constitutional violations suffered by Plaintiff were the result of the City's policies, procedures, customs, and practices of allowing its officers to use unreasonable and excessive force thereby violating the civil rights of those with whom they come into contact.

36. The City has maintained an inadequate system of review of instances of misconduct, abuse of police powers or violation of citizens' rights by police officers, which system has failed to identify instances of abuse of police powers or violations of citizens' rights by police officers, or to discipline, more closely supervise, or retrain officers who abuse their police powers or violate citizens' rights, including the police officers named as parties herein.

37. In addition, the Constitutional violations suffered by Plaintiff were the result of the City's failure to properly train and supervise its officers with regard to the proper methods for securing a scene, obtaining warrants, handling bystanders, dealing with

crowds, and handling citizens' use of modern technology to capture police activity while preserving those individuals' constitutionally protected rights.

38. The City was deliberately indifferent to the need for more or different training rules, regulations, investigations and discipline relating to police officers' use of excessive force.

39. The foregoing acts, omissions, systemic deficiencies, practices, customs an deliberate indifferent constitute the policies, practices and customs of the City and have caused police officers of the City, including the police officers named as parties herein, to violate the constitutional rights of citizens, including Plaintiffs.

40. The rights, violations and injuries suffered by plaintiff was a foreseeable result of the policies, practices, customs and deliberate indifference of the City.

41. The public streets and sidewalks where the events were held are traditional public fora for purposes of speech and other expressive activities protected by the First and Fourteenth Amendments.

### COUNT I – FIRST AMENDMENT – FREEDOM OF ASSEMBLY
### PLAINTIFF VS. ALL DEFENDANTS EXCEPT CITY OF PHILADELPHIA

42. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

43. As a direct and proximate result of Defendants' actions, as more particularly described above, Plaintiff's rights protected under the First Amendment were violated and he suffered injuries and deprivations as set forth above, including imprisonment for over three (3) years.

44. Defendants' actions targeted and were intended to chill, restrict, and inhibit Plaintiff from exercising his freedom to assemble in a public place.

45. Defendants' actions constituted a substantial burden on Plaintiff's First Amendment rights, and Defendants lacked any justification for their actions.

46. Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages, including the costs of this suit.

47. Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S.C. §1988.

### COUNT II – FOURTH AMENDMENT - UNLAWFUL SEIZURE VS. ALL DEFENDANTS EXCEPT CITY OF PHILADELPHIA

48. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

49. As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's rights protected under the Fourth Amendment to be free from unreasonable seizure was violated and as a result, he suffered injuries and deprivations as set forth above, including imprisonment for over three (3) years.

50. Defendants subjected Plaintiff to these deprivations of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

51. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of his rights and liberty interest, all to Plaintiff's great detriment and loss.

52. Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages, including the costs of this suit.

53. Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S. C. § 1988.

### COUNT III – FOURTEENTH AMENDMENT - SUBSTANTIVE DUE PROCESS
### PLAINTIFF VS. ALL DEFENDANTS EXCEPT CITY OF PHILADELPHIA

54. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

55. As a direct and proximate result of Defendants' actions, more particularly described above, Plaintiff's substantive due process rights protected under the Fourteenth Amendment were violated and he suffered injuries and deprivations as set forth above, including imprisonment for over three (3) years.

56. Defendants subjected Plaintiff to this deprivation of rights unreasonably, intentionally, wantonly, outrageously, and with conscious and reckless disregard for whether Plaintiff's rights would be violated by their actions.

57. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered damages as set forth above and deprivations of his rights and liberty interest, all to Plaintiff's great detriment and loss.

58. Solely as a result of Defendants' conduct, Plaintiff suffered substantial damages, including the costs of this suit.

59. Plaintiff is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S. C. § 1988.

## COUNT IV – <u>MONELL</u> CLAIM
## PLAINTIFF VS. DEFENDANT, CITY

60. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

61. The decisions and actions of the officials of the City as set forth herein represented and constituted the official policy and/or customs of the City.

62. At the time of this incident, and for some time prior thereto, it was the policy, practice and/or custom of the City and its police officers to fabricate charges and unlawfully arrest citizens.

63. Prior to the events described herein, the City developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the City, which policies are more particularly set forth in the preceding paragraphs incorporated herein, that caused the violation of Plaintiffs' rights.

64. As a direct and proximate result of the City's policies, practices, customs, procedures, failure to train and supervise, which are more specifically described above, Plaintiff sustained harm and loss.

65. As a direct and proximate result of, or by virtue of an affirmative link or causal nexus thereto, the aforesaid acts, omissions, deliberate indifference, systemic deficiencies, policies, practices and customs of the City, as more fully described above, The City violated Plaintiff's rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments.

66. Plaintiff is entitled to attorney's fees and costs of prosecution of this suit pursuant to 42 U.S.C. § 1988.

## COUNT V- ASSAULT AND BATTERY
## PLAINTIFF VS. OFFICER DEFENDANTS

67. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

68. The Officer Defendants placed Plaintiff in fear of imminent, unpermitted, unprivileged, offensive bodily contact and did, in fact, subject him to such bodily contact.

69. As a consequence of these actions, Plaintiff suffered serious harm.

70. The acts of Defendants, as set forth above, constituted the torts of assault and battery, all to Plaintiff's great detriment and loss.

## COUNT VI – FALSE IMPRISONMENT
## PLAINTIFF VS. OFFICER DEFENDANTS

71. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

72. The Officer Defendants intentionally, recklessly, willfully, and without legal justification, imprisoned Plaintiff without probable cause or other legal justification..

73. The acts of Defendants constitute the tort of false arrest and false imprisonment, all to Plaintiff's great detriment and loss.

## COUNT VII – INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS
## PLAINTIFF VS. OFFICER DEFENDANTS

74. The allegations set forth in the preceding paragraphs are incorporated as though fully set forth herein.

75. The Officer Defendants intentionally, recklessly, willfully, and without legal justification, by extreme and outrageous conduct caused severe emotional distress to Plaintiff.

76. The acts of Defendants alleged in the preceding paragraphs constitute the tort of intentional infliction of emotional distress outrageous conduct all to Plaintiff's great detriment and loss.

**WHEREFORE**, Plaintiff, Dwight Taylor, requests that the Court find and determine, after trial by jury as appropriate, that Plaintiff suffered substantial and continuing injury as a result of deprivation of his civil and Constitutional rights, discrimination, and otherwise wrongful conduct and award the following relief, as appropriate:

i) a declaration that Defendants, jointly and severally, have violated Plaintiff's civil rights;

ii) compensatory damages in excess of $150,000;

iii) prejudgment interest, attorneys' fees and costs;

iv) punitive damages against the individual defendants in their individual and official capacities;

v) such other legal and equitable relief as the Court deems just and proper.

### JURY DEMAND

PURSUANT TO F.R.C.P. 38, A JURY TRIAL IS DEMANDED.

CLEARFIELD & KOFSKY

BY: _____
Anthony Lopresti, Esquire
Attorney for Plaintiff
1617 JFK Blvd., Suite 355
Philadelphia, PA 19103
215-563-6333 (p)
215-563-3580 (f)
alopresti@clearfieldlawyers.com

# CIVIL COVER SHEET

JS 44 (Rev 06/17)

19-CV-751

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dwight Taylor

## DEFENDANTS
Phila. Police Officer, Thomas Liciardello, Phila Police Officer, Perry Betts, Phila. Police Officer, Linwood Norman, Phila. Officer, Brian Reynolds, Phila Police Officer, Michael Spicer, Phila Police officer, John

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Clearfield & Kofsky
1617 JFK Boulevard, Suite 355
Philadelphia, PA 19103, (215) 563-6333

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
§ 1983
Brief description of cause
Wrongful Imprisonment / False Charges

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 750,000
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE 2-19-19
SIGNATURE OF ATTORNEY OF RECORD

FEB 21 2019

**FOR OFFICE USE ONLY**
RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19   751**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 5213 D Street, Phila. PA 19120

Address of Defendant: 1515 Arch St., Phila. PA 19102

Place of Accident, Incident or Transaction: Philadelphia

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: 2-18-19                    *(signature)*                    93515
                        Attorney-at-Law / Pro Se Plaintiff        Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify)* _____

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Anthony Lopresti, counsel of record or pro se plaintiff, do hereby certify

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☒ Relief other than monetary damages is sought.

FEB 21 2019

DATE: 2-18-19                  *(signature)*                    93515
                        Attorney-at-Law / Pro Se Plaintiff        Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  | : | CIVIL ACTION |
|---|---|---|
| v. | : | **19   751** |
|  | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

_2-19-19_                 _[signature]_                 _Plaintiff_
**Date**                  **Attorney-at-law**           **Attorney for**

_215·563-6333_            _215-563-3580_                _ALopresti @ clearfieldlawyers.com_
**Telephone**             **FAX Number**                **E-Mail Address**

(Civ. 660) 10/02

FEB 21 2019